**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LUIS ALONZO CALIXTRO, | ) | NO. EDCV 26-1797-AS |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM DECISION AND ORDER** |
| MARKWAYNE MULLIN, et al., | ) | |
| Respondents. | ) | |

**I.**

**INTRODUCTION**

On April 12, 2026, Luis Alonzo Calixtro ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") with the Declaration of Megan Brewer ("Brewer Decl.") against: Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); Todd Lyons, Acting Director of the United States Immigration and Customs Enforcement ("ICE"); Todd Blanche, Acting United States Attorney General; Andre Quinones, Director of the Los Angeles ICE Field

Office; and Fereti Semaia, Warden of the Adelanto ICE Processing Center (collectively "Respondents"). (Docket ("Dkt.") No. 1).

On April 13, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule ("Notice") that required Respondents to file a Notice of Appearance within three calendar days and an Answer within seven days of the date of the Notice. (Dkt. No. 7). The Notice also provided that Petitioner could file a Reply within three days after Respondents filed an Answer. (Id.).

On April 20, 2026, Respondents filed an Answer to the Petition (Dkt. No. 10). The Answer states that "Respondents are not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Id.). Petitioner filed a Reply on April 20, 2026. (Dkt. No. 11).

The parties have consented to proceed before the undersigned Magistrate Judge in this matter. (Dkt. Nos. 5, 8).

## II.

### BACKGROUND

Petitioner is a resident of Simi Valley, California, who has lived in the United States since 1998. (Petition, ¶ 48). Petitioner has no criminal record. (Id.). He has applied for asylum and is eligible for

2

cancellation of removal under 8 U.S.C. § 1229b(b).[1]  (Id.).  "He has also been certified by law enforcement as a victim of crime who has been helpful in the investigation/prosecution [of that crime] and has applied for a U nonimmigrant visa on that basis."[2]  (Id.). Additionally, Petitioner's wife, who is a lawful permanent resident, has filed an immigrant relative visa on his behalf.  (Id.).  Petitioner has three United States citizen children.  (Id.).  He has strong family and community ties, is a homeowner, and is the main financial provider for his family.  (Id.).

On March 31, 2026, immigration authorities arrested Petitioner, who was charged with removability under Immigration and Naturalization Act § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled, and placed in removal proceedings.  (Petition, ¶¶ 2, 49; see also Brewer Decl., ¶ 6,

---

[1]  "Title 8 U.S.C. § 1229b authorizes the [Attorney General] to cancel the removal of a petitioner." Lemus-Escobar v. Bondi, 158 F.4th 944, 952 (9th Cir. 2025).  "A nonpermanent resident is statutorily eligible for cancellation of removal if four elements are met: (A) physical presence for ten years; (B) good moral character; (C) no conviction for certain categories of crimes, including crimes involving moral turpitude; and (D) exceptional and extremely unusual hardship." Id. (citing 8 U.S.C. § 1229b(b)(1)).

[2]  Noncitizens "are eligible for temporary visas, known as U visas, if they assist law enforcement in the investigation of criminal activity in which the [noncitizen] was a victim." Garcia v. United States Citizenship & Immigr. Servs., 146 F.4th 743, 746 (9th Cir. 2025), cert. denied, __ S. Ct. __, 2026 WL 858448 (2026).  "To obtain a U visa, an applicant must be the victim of qualifying criminal activity and receive a certification from an appropriate law enforcement official attesting to the applicant's helpfulness in investigating or prosecuting the crime." Id.  "A person who obtains a U visa may seek to adjust to permanent resident status after a period of three years of continuous physical presence in the United States." Id.

Exh. 4).  On April 9, 2026, Immigration Judge ("IJ") Ravit Halperin denied Petitioner bond, concluding the Immigration Court "lacks jurisdiction over the request for custody determination" based on the IJ's "independent assessment of law, regulations, statutes, and caselaw, as part of the Executive Office for Immigration Review[.]" (Petition, ¶¶, 2, 51; Brewer Decl., ¶ 5, Exh. 3).  Petitioner remains detained at the Desert View immigration detention facility in Adelanto, California.  (Petition, ¶¶ 1, 14).

## III.

### PETITIONER'S CLAIMS

The Petition raises five grounds for federal habeas relief:

Ground One:    There is no statutory basis for Petitioner's detention;

Ground Two:    Petitioner is a member of the Bond Eligible Class in Bautista v. Santa Cruz, and has improperly been denied a bond hearing;

Ground Three: The unlawful denial of a bond hearing violated 8 U.S.C. § 1226(a);

Ground Four:   The unlawful denial of a bond hearing violated the Administrative Procedures Act; and

4

Ground Five:   The government's detention of Petitioner without a bond redetermination hearing violates Petitioner's right to procedural due process.

(Petition ¶¶ 52-73).

## IV.

## DISCUSSION

Petitioner contends Respondents improperly treated him as an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b) rather than as detained pursuant to 8 U.S.C. § 1226(a) and eligible for release on bond. (Petition, ¶¶ 3-10, 20-46). Petitioner requests the Court order his immediate release or, alternately, order he be released on a $1500 bond or provided a bond hearing that complies with the Constitution and all applicable statutes and regulations. (Petition at 17-18 & ¶¶ 43-47).

In <u>Bautista v. Santacruz</u>, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), the district court granted a "Motion for Class Certification as to the Bond Eligible Class" of petitioners, and defined the "Bond Eligible Class" as:

All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention

under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the [DHS] makes an initial custody determination.

*Bautista*, 813 F. Supp. 3d at 1127.  The *Bautista* court entered final judgment as to the Bond Eligible Class on December 18, 2025.  *Bautista v. Noem*, 2025 WL 3678485, *1 (C.D. Cal. 2025).  "Ultimately, the final judgment entered in [*Bautista*] declared that class members 'are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)' and instead are 'entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge' pursuant to 8 U.S.C. § 1226(a)." *Uriate v. Mullin*, 2026 WL 925724, *2 (C.D. Cal. 2026) (citing *Bautista*, 2025 WL 3678485 at *1).

On February 18, 2026, the *Bautista* Court issued a post-judgment order vacating the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).[3]  *Bautista v. Santacruz*,

---

[3]  In *Yajure Hurtado*, "the [Board of Immigration Appeals ("BIA")] issued a new and novel interpretation of Section 1225, rejecting the argument that the noncitizen was not 'seeking admission' under Section 1225(b)(2) because he had been residing within the United States." *Araujo-Contreras v. Janecka*, 2025 WL 3771429, *2 (C.D. Cal. 2025); see also *Chavarriaga Rojas v. Albarran*, __ F. Supp. 3d __, 2025 WL 4693108, *7 (N.D. Cal. 2025) (In *Yajure Hurtado*, "the BIA held that a noncitizen who is an 'applicant [for] admission' is necessarily 'seeking admission' such that § 1225(b)(2) covers all 'applicants for admission,' including those who have been released into and resided in the United States for years.'").  But the vast majority of courts to consider the issue – including *Bautista* – have rejected the BIA's novel interpretation.  See, e.g., *Bautista*, 813 F. Supp. 3d at 1106 (finding "Respondents' interpretation contrary to law" and stating "the interpretation in *Yajure-Hurtado*, . . . which contradicts the Court's reasoning is no longer controlling."); *Cunha v. Freden*, __ F.4th __, 2026 WL 1146044, *2 (2d Cir. 2026) ("[W]e join the overwhelming

6

__ F. Supp. 3d __, 2026 WL 468284, *1-14 (C.D. Cal. 2026).  "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal" and "also administratively stayed the February 18, 2026 Order" vacating Matter of Yajure Hurtado.  Castro v. Johnson, 2026 WL 1104766, *3 (C.D. Cal. 2026) (citing Bautista v. Dep't of Homeland Sec. ("Bautista I"), Ninth Circuit case no. 26-1044, Dkt. 5); Aguilar v. Mullin, 2026 WL 1196090, *3 (C.D. Cal. 2026).  Thereafter, on March 31, 2026, "the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the *Bautista* court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as . . . they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating [Matter of Yajure Hurtado] is stayed pending appeal."  Vivas v. Santacruz, 2026

---

majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text.  That text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner.  Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter."); Romero Estrada v. Mattos, 2026 WL 996929, *3 (D. Nev. 2026) ("Respondents argue that Section 1225 subjects all noncitizens who are inadmissible for entry without inspection to mandatory detention, regardless of how long they have been in the United States.  The vast majority of courts confronting this question have rejected Respondents' interpretation of Section 1225, including its reliance on the Board of Immigration Appeals decision in *Matter of Yajure Hurtado* . . . as contradictory to the plain text of the statute."); Ernesto R.A. v. Cruz, 2026 WL 218957, *1 (E.D. Cal. 2026) ("Courts nationwide, including this one, have overwhelmingly rejected Respondents' arguments and found DHS's new policy unlawful.").

7

WL 1122208, *1 (C.D. Cal. 2026) (citing Bautista I, at Dkt. No. 17); Mendoza-Rodriguez v. Mullin, 2026 WL 1104774, *2 n.4 (C.D. Cal. 2026). Thus, "the *Bautista* court's December 18, 2025 judgment remains in place as to the Central District of California." Vivas, 2026 WL 1122208 at *1; Aguilar, 2026 WL 1196090 at *3; Mendoza-Rodriguez, 2026 WL 1104774 at *2 n.4; Castro, 2026 WL 1104766 at *3.  As such, the December 18, 2025 declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree[,]" 28 U.S.C. § 2201; Castro, 2026 WL 1104766 at *3; Procopio v. Mullin, 2026 WL 1045658, *3 (C.D. Cal. 2026); Herrera v. Lyons, 2026 WL 859172, *3 (C.D. Cal.), report and recommendation accepted by, 2026 WL 854125 (C.D. Cal. 2026); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("[T]he point of a declaratory judgment 'is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.'" (citation omitted)); Badger Catholic, Inc. v. Walsh, 620 F.3d 775, 782 (7th Cir. 2010) (A "declaratory judgment is a real judgment, not just a bit of friendly advice"), and Respondents "are legally obligated to comply with the court's order." Procopio, 2026 WL 1045658 at *3; Castro, 2026 WL 1104766 at *3; Herrera, 2026 WL 859172 at *3; see also Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly."); United Aeronautical Corp. v. United States Air Force, 80 F.4th 1017, 1031 (9th Cir. 2023) ("But in suits against government officials and departments, we generally assume that they will comply with declaratory judgments.").

There is no dispute that Petitioner is a Bautista Bond Eligible Class member.  (Petition, ¶¶ 10, 56).  He entered the United States and

has resided here since 1998, he is charged with entering the United States without inspection, and there is no suggestion Petitioner is subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.[4] (Petition, ¶¶ 48-49).   "Pursuant to the final judgment entered in [Bautista], 'the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge.'"  Castro, 2026 WL 1104766 at *2 (quoting Bautista, 2025 WL 3678485 at *1); see also Inzuna v. Warden of Adelanto Det. Facility, 814 F. Supp. 3d 1091, 1095 (C.D. Cal. 2026) ("Because Petitioner's . . . Petition alleges facts that place [him] squarely within the definition of the Bond Eligible Class, the Court is compelled to find that [he] is entitled to the relief . . . guaranteed by *Bautista*'s final judgment."); Procopio, 2026 WL 1045658 at *3 ("[I]n accordance with the final declaratory judgment in [Bautista], the court concludes petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and is not subject to mandatory detention under § 1225(b)(2)."); Guzman v. Warden, 2026 WL 922273, *4 (C.D. Cal. 2026) ("Petitioner, a 'Bond Eligible Class' member, is entitled to the relief provided in the

---

[4]   "These three statutes, respectively, govern detention for noncitizens who fall into certain enumerated categories involving criminal offenses and terrorist activities, 8 U.S.C. § 1226(c); for some noncitizens who are 'arriving' in the United States or who have 'not been admitted or paroled into the United States' and cannot show that they have 'been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility,' id. § 1225(b); and for noncitizens subject to a final order of removal, id. § 1231."  Mendoza-Rodriguez, 2026 WL 1104774 at *2 n.5.

<u>Bautista</u> final judgment and the procedural protections that § 1226(a) provides, including a bond hearing.").

However, in this case, Petitioner has already had a bond hearing that failed to comply with <u>Bautista</u>.  On April 9, 2026, IJ Halperin denied Petitioner bond, stating:

> The Court has carefully considered the orders of the United States Federal District Court for the Central District of California, including that court's orders issued on November 25, 2025, and on December 18, 2025 [in <u>Bautista</u>].  A current stay is in effect.  [¶]  [Petitioner] is charged as a noncitizen present in the United States without having been inspected and admitted or paroled, . . . and he does not meaningfully argue otherwise.  This Court, based on its independent assessment of relevant law, regulations, statutes, and caselaw, as part of the Executive Office for Immigration Review, Department of Justice, determines that it lacks jurisdiction over the request for custody redetermination.

(Brewer Decl., ¶ 5, Exh. 3).  The IJ's decision is "contrary to Respondents' legal obligation to comply with the December 18, 2025 declaratory judgment in [<u>Bautista</u>] and to the extent based on the Ninth Circuit's . . . stay of [<u>Bautista</u>], it misunderstands the scope of that stay."  <u>Castro</u>, 2026 WL 1104766 at *3; <u>Aguilar</u>, 2026 WL 1196090 at *4; <u>see also Rodriguez Vazquez v. Hermosillo</u>, __ F. Supp. 3d __, 2026 WL 102461, *6 (W.D. Wash. 2026) ("A contrary decision by the BIA — which is part of the executive branch — does not override the binding

judgment of an Article III Court adjudicating an actual case or controversy between the parties."). As explained above, the December 18, 2025 declaratory judgment in Bautista has not been stayed within the Central District of California. Aguilar, 2026 WL 1196090 at *3-4; Vivas, 2026 WL 1122208 at *1; Mendoza-Rodriquez, 2026 WL 1104774 at *2 n.4; Castro, 2026 WL 1104766 at *3.

"Typically, the remedy afforded to members of the Bond Eligible Class is consideration for a bond hearing under 8 U.S.C. § 1226(a)." Procopio, 2026 WL 1045658 at *3; Bautista, 2025 WL 3678485 at *1. But under the circumstances set forth herein, the Court concludes that ordering Respondents to provide another bond hearing that complies with the December 18, 2025 declaratory judgment in Bautista would be futile. Aguilar, 2026 WL 1196090 at *4; see also Hernandez v. Mullin, 2026 WL 1196341, *3 (C.D. Cal. 2026) ("[T]he undisputed facts here demonstrate that ordering another bond hearing that complies with the December 18, 2025 declaratory judgment in [Bautista] would be futile. In light of the very recent bond hearing where the Immigration failed to comply with the declaratory judgment by finding that it lacked jurisdiction, the Court concludes that the outcome would be the same should the Court order the Immigration Judge to hold another bond hearing in compliance with the December 18, 2025 declaratory judgment." (citation omitted)); Castro, 2026 WL 1104766 at *3 ("[T]he undisputed facts here demonstrate that ordering another bond hearing that complies with the December 18, 2025 declaratory judgment in [Bautista] would be futile. In light of the Ninth Circuit's . . . stay of the [Bautista] court's February 18, 2026 Order vacating [Matter of Yajure Hurtado], the Immigration Judge would be required to once again deny bond based on lack of

11

jurisdiction."); Procopio, 2026 WL 1045658 at *3 ("Because some immigration judges continue to rely on *Yajure Hurtado* to deny bond, some courts have found 'that ordering a *Bautista* section 1226(a) bond hearing as a remedial measure would likely be futile.'" (citations omitted)); Kun v. Janecka, 2026 WL 931541, *5 (C.D. Cal. 2026) ("To the extent immigration judges consistently invoke *Hurtado* as governing authority to deny bond in analogous cases, the Court is inclined to agree with Petitioner that ordering a *Bautista* section 1226(a) bond hearing as a remedial measure would likely be futile."). Thus, the Court concludes that immediate release from custody is the only means to provide complete relief to Petitioner. Aguilar, 2026 WL 1196090 at *4; Hernandez, 2026 WL 1196341 at *3; Castro, 2026 WL 1104766 at *3; Procopio, 2026 WL 1045658 at *3.

# V.

# ORDER

Accordingly, it is hereby ORDERED that the Petition (Dkt. No. 1) is **GRANTED**. Respondents shall immediately release Petitioner from immigration custody without the imposition of any restraints on his liberty, such as reporting requirements, GPS, or electronic monitoring. The Court further ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on May 8, 2026, confirming Petitioner has been released from custody. IT IS SO ORDERED.

DATED: May 7, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE